Wilbert RANDALL *v.* STATE of Arkansas

CR 06-331                                                 244 S.W.3d 662

Supreme Court of Arkansas
Opinion delivered December 7, 2006

Appellant, pro se.

*Mike Beebe,* Att'y Gen., by: *David R. Raupp,* Sr. Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Appellant Wilbert Randall was convicted by a jury of capital murder and sentenced to life imprisonment without parole for the 1976 shooting of Woodrow Lobley. On direct appeal, we affirmed in *Wilkerson v. State,* CR77-59 (Ark. Oct. 10, 1977), finding no reversible error and

that the evidence was "amply sufficient" to constitute substantial evidence that Randall killed the victim in the perpetration of a robbery.[1] The facts and circumstances surrounding the murder and the evidence presented at trial were as follows:

> The state adduced evidence that Randall was at the nightclub for several hours during which time he tried to persuade a club employee to lure the victim outside the club so that he, Randall, could "rip him off." When this witness refused and tried to dissuade him by telling him that he would be identified, Randall responded "he would take care of that." She observed Randall with "a big gun," which he had "pulled" on a patron during the evening. There was evidence that Randall tried to get the victim to shoot pool for $50 a game. Randall, on a previous occasion, had been denied entrance to the club because he had a .38 caliber pistol in his possession. As previously indicated, Randall left the club around 5:30 a.m. in a car headed in the same direction as the victim's cab. Randall was identified by the cab driver as being at the victim's motel when the cab arrived. The cab driver testified that, as he waited for his passenger to return to the cab, Randall approached him, asked if he was "finished with the man that I had let out," and then told him "to move it." As the cab driver complied, Randall headed in the same direction as the victim, who was entering the motel. As indicated, the victim was found dying shortly thereafter away from the motel without any money on his person. A witness, who found the victim, passed a white automobile as he approached the scene. Randall was found in a white automobile, covered with a quilt, when he was apprehended in a nearby town two days later. He denied killing or robbing the victim or having a gun at the club and presented an alibi.

*Wilkerson v. State*, CR77-59, slip op. at 1.

In 1981, Randall, proceeding pro se, filed a Rule 37 petition that was denied as being untimely. In 1984, Randall filed a petition for writ of habeas corpus in the Jefferson County Circuit Court. The circuit court denied the petition and Randall failed to appeal.

Almost twenty years later, on April 14, 2003, Randall filed another habeas corpus petition pursuant to Act 1780 of 2001,

---

[1] The conviction of Randall's co-defendant, James Wilkerson, was reversed and remanded on direct appeal.

codified at Ark. Code Ann. §§ 16-112-201 through 207 (Supp. 2003), alleging that scientific evidence not available at trial would establish his actual innocence. Court documents from 1976 confirm that the clothes taken from Randall and Wilkerson were "stained with what appears to be blood" and that the court ordered blood to be drawn and tested. Additionally, Randall's petition states that DNA testing would exonerate him because "a reasonable scientific probability exists" that if he shot and killed the victim or was involved in the murder, then blood would have been on his clothing as Lobley was shot at a close range and transported to a different location. In a certificate of service attached to the habeas corpus petition, Randall certified that a copy of the petition was mailed to the prosecuting attorney and the Attorney General.

Initially, Randall sought recusal of the trial judge to whom his case was assigned because the judge was a prosecutor in the 1976 trial. The judge promptly recused and the case was reassigned to another judge. On October 10, 2004, Randall sent a letter to the circuit court, requesting information on the status of his petition. Randall received a hand-written response informing him that the case had been reassigned a second time and there had been no action taken since that reassignment.

Eventually, by letter dated September 27, 2005, the circuit court requested that the prosecuting attorney provide it with a copy of the answer, or if no answer had been filed to "please have a response filed within ten (10) days in order for this matter to be resolved." That same day, the prosecuting attorney notified the circuit court that the Attorney General's office had not prepared a response as that office had not been served with the petition. The circuit court thereafter denied Randall's petition without a hearing. The order stated:

> Upon consideration of defendant's Habeas Corpus Petition, the Court doth find and order as follows:
>
> A writ of habeas corpus is to be issued upon a showing by affidavit or other evidence that the petitioner's commitment is invalid on its face or that the sentencing court lacked jurisdiction to enter or modify the sentence.
>
> A writ of habeas corpus is not issued to correct errors or irregularities that occurred at trial.

> The allegations in defendant's petition speak only to potential errors in the presentation of evidence during his trial.
>
> Therefore, the petition for writ of habeas corpus is DENIED.

From that order, Randall now appeals. Our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(a)(8) (2006). We affirm.

For his two points on appeal, Randall argues that the circuit court erred when it denied his petition for a writ of habeas corpus. First, Randall asserts that he was denied due process of law because the circuit court clerk failed to serve copies of his petition on the prosecuting attorney and the Attorney General in violation of Ark. Code Ann. § 16-112-203(d) (Supp. 2003),[2] and the prosecutor failed to file a response to his petition within twenty days as required by Ark. Code Ann. § 16-112-204(a) (Supp. 2003).[3] Second, Randall claims that he was denied due process of law by reason of the circuit court's summary denial of his petition "without resort to a determination of whether it met the requisite showing dictated by [Act 1780]."

█ We have held many times that constitutional claims may not be raised for the first time on appeal. *London v. State*, 354 Ark. 313, 125 S.W.3d 813 (2003). Randall did not seek any postjudgment relief from the circuit court on the basis that he was denied due process of law by the circuit court's alleged failure to follow several procedural requirements set forth in Ark. Code Ann. §§ 16-112-201 through 207. Thus, we are precluded from addressing Randall's two points on appeal because his due-process claims are not preserved for appellate review.

Affirmed.

---

[2] Section 16-112-203(d) provides that "[t]he circuit clerk shall deliver a copy of the petition to the prosecuting attorney and to the Attorney General."

[3] Section 16-112-204(a) provides that "[w]ithin twenty (20) days after the filing of the petition, the prosecuting attorney or the Attorney General shall respond to the petition by answer or motion which shall be filed with the court and served on the petitioner if unrepresented or served on the petitioner's attorney.